UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| KERWIN M. WARD, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:10-CV-0429 WL |
| | ) | |
| JOSHUA FRANCISCY, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Kerwin Ward, a prisoner housed at the Westville Correctional Facility, filed a complaint pursuant to 42 U.S.C. § 1983, alleging violation of his federally protected rights when he was arrested in December 2008. The defendant is Fort Wayne police officer Joshua Franciscy.

Pursuant to 28 U.S.C. § 1915A(a), the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief can be granted. Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). "Dismissal is appropriate only when it appears beyond doubt that the plaintiff can prove no set of facts that would entitle him to relief." *Id.*

Ward brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of state law. *Burrell v. City of Mattoon*, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution or laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. *West v. Atkins*, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. *Baker v. McCollan*, 443 U.S. 137, 140 (1979).

According to the complaint, on December 18, 2008, Officer Franciscy and another officer arrested Ward in his apartment. Ward alleges that Officer Franciscy hit him in the face while he was handcuffed, without justification, causing the loss of one of his teeth. He also alleges that a chemical agent was used on him and he was hit again several times. Finally, Ward alleges that Officer Franciscy sprayed him with a chemical agent, again without justification, after he was placed in the police car to be taken to the hospital to deal with his injuries. Ward asserts that "the above incident is in violation of my 8th [Amendment] right" to be free from an excessive use of force. (DE 1 at 11).

"In addressing an excessive force claim brought under § 1983, analysis begins by identifying the specific constitutional right allegedly infringed by the challenged application of force." *Graham v. Conner*, 490 U.S. 386, 394, (1989). "*All* claims that law enforcement officers have used excessive force — deadly or not — in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under

2

the Fourth Amendment and its 'reasonableness standard.'" *Graham v. Conner*, 490 U.S. at 395, (emphasis in original). The Fourteenth Amendment's due process clause protects pretrial detainees from excessive use of force, and the Eighth Amendment's cruel and unusual punishments clause protects those convicted of crimes from excessive use of force. *Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979). Ward's claim arise during his arrest, so this complaint must be analyzed under Fourth Amendment standards.

"Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of 'the nature and quality of the intrusion on the individual's Fourth Amendment interests' against the countervailing governmental interests at stake." *Graham v. Conner*, 490 U.S. at 396, quoting *United States v. Place*, 462 U.S. 696, 703 (1983). "Fed. R. Civ. P. 8 establishes a system of notice pleading," and a complaint may not be dismissed at the pleadings stage "unless no relief could be granted 'under any set of facts that could be proved consistent with the allegations.'" *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998), *quoting Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Giving Ward the benefit of the inferences to which he is entitled at the pleadings stage, his complaint's allegations are sufficient to state a Fourth Amendment claim upon which relief can be granted under § 1983.

For the foregoing reasons, the Court:

(1) GRANTS the plaintiff leave to proceed against the defendant for damages in his personal capacity for damages on the claim that the defendant used excessive and unnecessary force when he arrested the plaintiff;

(2) Pursuant to 42 U.S.C. § 1997e(g)(2), ORDERS that the defendant respond to the complaint as provided for in the Federal Rules of Civil Procedure; and

(3) DIRECTS the marshals service to effect service of process on the defendant, and DIRECTS the clerk's office to ensure that a copy of this order is served on him along with the summons and complaint.

SO ORDERED.

DATED: January 26, 2011

 s/William C. Lee  
William C. Lee, Judge  
United States District Court